UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-61567-BLOOM/Valle

DENNIS HAYNES,

    Plaintiff,

v.

PANDA EXPRESS, INC.,

    Defendant.
_____/

## ORDER ON MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Defendant Panda Express, Inc. ("Panda")'s Motion for Reconsideration of the Court's December 21, 2017 Order [DE 33] on Defendant's Motion to Dismiss Plaintiff's Complaint [DE 13], filed under seal. ECF No. [34] ("Motion for Reconsideration"). The Court has carefully reviewed the Motion for Reconsideration, the record, the parties' briefs, and the applicable law. For the reasons set out below, the Motion is granted and this matter is dismissed without prejudice.

### I. BACKGROUND

On August 7, 2017, Haynes filed a Complaint against Panda asserting violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181. *et seq.*, based on his claim that a website owned and operated by Panda—located at www.pandaexpress.com (the "Website")—is inaccessible to visually impaired individuals such as himself. *See* ECF No. [1]. In his Complaint, Haynes requests a declaratory judgment that Defendant's Website is not in compliance with Title III of the ADA, an injunction that would require Defendant to alter its website to make it fully accessible to the visually impaired, an order requiring evaluation of

Defendant's polies towards persons with disabilities, and an order requiring Defendant to monitor its ongoing compliance with such polies and applicable law. *See id.* at 9–10.

On September 28, 2017, Defendant moved to dismiss the Complaint for lack of subject matter jurisdiction, arguing that the case should be dismissed because Panda has already settled a similar lawsuit in which Panda has agreed to modify its website to ensure that vision-impaired persons can access the website. *See* ECF No [13] ("Motion to Dismiss"); *see also Andres Gomez v. Panda Express*, No. 16-cv-24273 (S.D. Fla. 2017). Because the relief Plaintiff seeks here is identical to the relief attained in the *Gomez* suit, Defendant argues that this case should be dismissed because it is moot.

Plaintiff opposed the Motion to Dismiss on October 20, 2017. In his Opposition, Plaintiff argues that the *Gomez* settlement cannot moot Plaintiff's case because (1) Plaintiff was not a party to that agreement; and (2) Defendant has failed to provide a copy of the settlement to the Court and Plaintiff. On December 8, 2017, the Court ordered Defendant to file a copy of the settlement agreement that formed the basis of its Motion to Dismiss by December 15, 2017. Having not complied, on December 21, 2017, the Court denied Defendant's Motion to Dismiss. ECF No. [33]. Defendant subsequently filed the instant Motion for Reconsideration. Having reviewed the settlement agreement and Plaintiff's response to the motion, ECF No. [38], the Court agrees with Panda and finds that Haynes' Complaint is moot.

## II. DISCUSSION

### A. Motion for Reconsideration

A motion for reconsideration requests the Court to grant "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). A party may not use a motion for reconsideration to "relitigate old matters,

raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). "This prohibition includes new arguments that were 'previously available, but not pressed.' " *Id.*(quoting *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998)) (per curiam) (motion to alter judgment properly denied where plaintiffs waited until after case was dismissed to raise argument that Virginia law applied, rather than Florida law).

Within this framework, however, a court may grant reconsideration when there is (1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to correct clear error or prevent manifest injustice. *See Hood v. Perdue*, 300 Fed App'x 699, 700 (11th Cir. 2008).[1] Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)) (internal quotation marks omitted).

In its Motion, Defendant requests reconsideration of the Court's denial of its Motion to Dismiss, explaining that counsel for Defendant failed to file the settlement agreement under seal pursuant to the Court's order due to administrative error. *See* ECF No. [34] at 2. The Motion argues that "reconsideration is warranted to correct a clear error." *Id. at 3*. In support, Defendant notes that "due to an administrative error, the Gomez settlement agreement was inadvertently filed under seal in the closed *Gomez* case on December 15, 2017." *Id*. Defendant

---

[1] The Court recognizes that, according to the Rules of the United State Court of Appeals for the Eleventh Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

further states that counsel "only became aware of the oversight when she received the Court's Order in the instant case stating that the Defendant had failed to file the settlement agreement." *Id.* at 4.

Court disagrees that entry of its Order Denying the Motion to Dismiss was clear error *on the part of the Court*. Defendant failed to comply with this Court's Orders and states so clearly in its Motion. However, a court may grant reconsideration to "prevent manifest injustice." *See Hood*, 300 Fed App'x at 700. Accordingly, the Court will review the Motion, and its decision on the underlying Motion to Dismiss, under this lens.

### B. The Motion to Dismiss for Lack of Jurisdiction Based on Mootness

"[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief. *Al Najjar v. Ashcraft*, 273 F.3d 1330, 1336 (11th Cir. 2001). In ADA cases, "[a]n action becomes moot when 'the challenged conditions have been remedied' and there is no basis to conclude the plaintiff 'will again be subjected to the same wrongful conduct by [that particular] defendant.' " *Haynes v. Outback Steakhouse of Florida, LLC*, No. 0:17-CV-60851, 2017 WL 4284487, at *2 (S.D. Fla. Aug. 17, 2017) (dismissing for mootness when prior identical action was already filed and settled in the Southern District of New York) (quoting *Access 4 All, Inc. v. Casa Marina Owner, LLC*, 458 F. Supp. 2d 1359, 1365 (S.D. Fla. 2006), *vacated and remanded on other grounds*, 264 Fed. App'x 795 (11th Cir. 2008).

The circumstances of this case are on all fours with the circumstances of two recent cases that, like this one, were filed by Plaintiff in this District. In *Haynes v. Hooters of Am., LLC*, Haynes alleged that the website at issue was inaccessible to the blind and therefore operating in violation of the ADA. No. 17-60663-CIV, 2017 WL 2579044, at *1 (S.D. Fla. June 14, 2017). There, Defendant argued that the case was moot because of a "pre-existing remediation

4

plan . . . [that it was] in the process of implementing[] as a result of a settlement between [the defendant] and a different plaintiff in an earlier-filed suit." *Id.* Judge Scola agreed with the defendant and dismissed Haynes' complaint for lack of jurisdiction due to mootness, and in doing so, observed that Haynes' complaint was "identical" to the complaint in the earlier-filed case. *Id.* Similarly, in *Haynes v. Brinker Int'l, Inc.*, this Court found Judge Scola's reasoning equally applicable and dismissed Haynes' complaint for lack of jurisdiction due to mootness. No. 17-CV-61265, 2017 WL 4347204, at *3 (S.D. Fla. Sept. 29, 2017). The Court observed:

> As was the case in *Hooters*, Brinker has agreed to remedy, in accordance with the binding settlement agreement reached in *Gil*, the inaccessibility issue Haynes complains of in this lawsuit. In turn, nothing is left for this Court to determine. Even if this lawsuit were successful, the Court could only order Brinker to do that which it has already agreed and undertaken to do.

*Id.* at *2.

Having reviewed the settlement agreement filed under seal, the same reasoning applies here. Haynes complains of lack of accessibility of Defendant's website, and Defendants have already agreed to remedy that non-compliance. In response to the Motion, Plaintiff argues that certain terms of the settlement agreement fail to satisfy the more robust relief that Plaintiff's counsel might have attempted to negotiate. In particular, Plaintiff argues that the conditions of compliance and ongoing monitoring are unsatisfactory because they do not provide requirements which, in Plaintiff's view, are specific enough to guarantee remediation of Defendant's website. While Plaintiff may believe that it might have been able to negotiate different terms upon settlement, allowing this successive case to proceed would "sanction copycat lawsuits mimicking cases that have already been concluded" and pave the way for the possibility of multiple—and potentially conflicting—settlement agreements governing the same non-compliance. *See Haynes v. Outback Steakhouse of Florida, LLC*, No. 0:17-CV-60851, 2017 WL 4284487, at *3 (S.D. Fla.

Aug. 17, 2017). As observed by Judge Middlebrooks in *Outback*, "[t]he ADA's drafters surely did not intend such an absurd result." *Id.* at *3.

The Court is sympathetic to Haynes' experience accessing Defendant's website. The Defendant admits the website is noncompliant because Defendant has not yet completed remediation per the settlement agreement. However, where, as here, the injunctive relief sought by Plaintiff mirrors the relief already agreed to in the prior settlement, the second-filed complaint must be dismissed as moot since Defendant "has agreed to remedy, in accordance with a binding settlement agreement in the *Gomez* case, all of the website inaccessibility issues Haynes complains of in this suit." *Hooters*, 2017 WL 2579044, at *1; *see also Al Najjar*, 273 F.3d at 1336.

## III.  CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Reconsideration, **ECF No. [34]**, is **GRANTED**;
2. The Complaint is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction due to mootness;
3. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED** as moot, and all deadlines are **TERMINATED.**
4. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of January, 2018.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record