# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-61567-BLOOM/Valle

DENNIS HAYNES,

    Plaintiff,

v.

PANDA EXPRESS, INC.,

    Defendant.
_____/

## ORDER VACATING DISMISSAL AND REOPENING CASE

**THIS CAUSE** is before the Court upon remand from the Eleventh Circuit for reconsideration in light of the recent decision in *Haynes v. Hooters of America, LLC*, 893 F.3d 781 (11th Cir. 2018). The Court has carefully reviewed the record in this case in light of *Hooters*. As directed by the Eleventh Circuit and for the reasons set out below, the dismissal with prejudice is vacated, and this case shall be reopened for further proceedings.

In his Complaint, Dennis Haynes ("Haynes" or "Plaintiff") requested a declaratory judgment that Defendant Panda Express, Inc.'s ("Panda" or "Defendant") website—www.pandaexpress.com (the "Website")—is not in compliance with Title III of the ADA because it is inaccessible to visually impaired individuals, an injunction that would require Defendant to alter its website to make it fully accessible to the visually impaired, an order requiring evaluation of Defendant's policies towards persons with disabilities, and an order requiring Defendant to monitor its ongoing compliance with such polies and applicable law. *See* Compl., ECF No. [1] at 9-10.

Defendant moved to dismiss the Complaint for lack of subject matter jurisdiction, arguing that the case should be dismissed because Panda had already settled a similar lawsuit in

which Panda agreed to modify its website to ensure that vision-impaired persons can access the website. ECF No [13]; *see also Gomez v. Panda Express*, No. 16-cv-24273 (S.D. Fla. 2017) (the "*Gomez* Case"). Defendant argued that this case should be dismissed as moot because the relief Plaintiff sought here is identical to the relief attained in the *Gomez* suit.

The Court ultimately agreed with Defendant and dismissed this case with prejudice. *See* ECF Nos. [40], [42]. Thereafter, Haynes filed an appeal to the Eleventh Circuit. ECF No. [43]. The Eleventh Circuit subsequently vacated this Court's judgment and remanded for reconsideration in light of *Hooters*.

Here, as in *Hooters*, Haynes alleged that the website at issue was inaccessible to the blind and therefore operating in violation of the ADA. Haynes requested declaratory and injunctive relief, including that Hooters alter its website to make it accessible, and that Hooters continually update and maintain its website to ensure accessibility to visually impaired individuals. *Hooters of Am.*, *LLC*, 893 F.3d at 783. In *Hooters*, a different plaintiff entered into a settlement with Hooters, in which Hooters agreed to improve access to its website within twelve months. *Id*. Hooters then moved to dismiss Haynes's claim as moot because of the settlement reached with the other plaintiff. *Id*. The court agreed and dismissed the case. *Id*.

Upon review, the Eleventh Circuit determined that Haynes's claim was not moot for three reasons: 1) although Hooters was in the process of remediating its website, there was nothing in the record to indicate that Hooters had in fact done so; 2) some of the relief requested by Haynes, namely that Hooters be directed to continually update and maintain its website, had not been addressed in Hooters's settlement reached with the other plaintiff; and 3) Haynes was not a party to Hooters's settlement with the other plaintiff, and therefore, if Hooters failed to remediate its

website in accordance with the terms of that settlement agreement, Haynes would have no way of enforcing it. *Id.* at 784.

The facts in this case are nearly identical. In pertinent part, Panda entered into a settlement agreement with the plaintiff in the *Gomez* Case, which addressed only a portion of the relief requested by Gomez, and as in *Hooters*, the court in the *Gomez* Case did not retain jurisdiction to enforce the settlement agreement. *See Gomez* Case, ECF No. [34]. In the instant case, there is nothing in the record to indicate that Panda has made its website accessible in compliance with the terms of the settlement agreement in the *Gomez* Case, some of the relief requested by Haynes remains unaddressed—namely the continuing update of the website and policy review—and, Haynes was not a party to the settlement in the *Gomez* Case, and therefore will have no way to enforce that settlement agreement, should Panda fail to comply. As a result, Haynes's claims in the instant case are not moot.

Accordingly, for the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The order of dismissal with prejudice, **ECF No. [42]**, is **VACATED**;

2. The Clerk of Court shall **REOPEN** this case for further proceedings; and,

3. Panda shall file its response to the Complaint, ECF No. [1], **on or before September 21, 2018**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of September, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record